UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSARIO KLEVISHA,
    Plaintiff,

v.                      CIVIL ACTION NO. 15-10629-MPK[1]

PROVIDENT FUNDING
ASSOCIATES L.P.,
    Defendant.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISSOLVE
PRELIMINARY INJUNCTION (#38).

KELLEY, U.S.M.J.

I. Introduction

On June 25, 2015, the Court issued a Memorandum and Order (#37) granting Plaintiff, Rosario Klevisha's, motion for a preliminary injunction to halt a then-pending foreclosure sale. The Memorandum and Order (#37) is incorporated herein by reference. The finding that Plaintiff had at least an equal likelihood of success as

---

[1] On June 16, 2015, with the parties' consent, this case was reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (##23, 24.)

Defendant, Provident Funding Associates L.P., on the issue of improper notice[2] hinged on the uncertainty as to whether Mass. Gen. L. c. 183 § 21 required strict compliance with the contractual terms of the mortgage.

On July 17, 2015, the Massachusetts Supreme Judicial Court issued a decision, *Pinti v. Emigrant Mortgage Company, Inc.*, 472 Mass. 226, 33 N.E.3d 1213 (2015), resolving the legal uncertainty. The Court concluded that, in fact, "strict compliance with the notice of default provisions in paragraph 22 of the mortgage was required as a condition of a valid foreclosure sale." *Id.*, 33 N.E.3d at 1214. That having been said, the decision is to be given "prospective effect only: it will apply to mortgage foreclosure sales of properties that are the subject of a mortgage containing paragraph 22 or its equivalent and for which the notice of default required by paragraph 22 is sent after the date of this opinion." *Id.*, 33 N.E.3d at 1227.

The decision in *Pinti* impacts all of the factors considered in granting the preliminary injunction. The Notice of Right to Cure/Notice of Acceleration in this case was sent on December 31, 2013 (#37 at 3) prior to the *Pinti* decision. As a consequence, strict compliance with the notice provision of the mortgage was not required. With Massachusetts law now clear, Plaintiff cannot demonstrate that she has

---

[2] In ruling on the preliminary injunction motion, the Court determined that Plaintiff failed to show that she had a likelihood of success, or a substantial possibility of success, on the merits in proving either that the mortgage assignment to Defendant was in some manner improper or that the note was not properly endorsed by Defendant.

a likelihood or a substantial possibility of success on the merits in proving that, at the time the notice of default required by paragraph 22 of her mortgage was sent, strict compliance with the notice provision of the mortgage was required.

Similarly, the potential for irreparable harm has also shifted.  Because Plaintiff can not longer prove likelihood of success on her improper notice claim, the concern that she could have lost her house under questionable circumstances, the basis for the prior irreparable harm finding, no longer exists.  The same is true with respect to the considerations of balance of the hardships and effect on public interest.

In short, post-*Pinti*, the relevant factors to be examined when considering a motion for preliminary injunction now weigh in Defendant's favor.  Therefore, it is ORDERED that Defendant's Motion To Dissolve Preliminary Injunction (#38) be, and the same hereby is, ALLOWED.


September 11, 2015                                        /s/ M. Page Kelley
                                                          M. Page Kelley
                                                          United States Magistrate Judge