UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ROSARIO KLEVISHA,
        Plaintiff/Defendant-in-Counterclaim,



        v.                                          CIVIL ACTION NO. 15-10629-MPK[1]



PROVIDENT FUNDING
ASSOCIATES L.P.,
        Defendant/Plaintiff-in-Counterclaim,

and

FEDERAL HOME MORTGAGE
CORPORATION,
        Plaintiff-in-Counterclaim.



MEMORANDUM AND ORDER ON
DEFENDANT'S (sic) MOTION FOR SUMMARY JUDGMENT (#57).


KELLEY, U.S.M.J.

I. Introduction.

On February 27, 2015, Plaintiff/Defendant-in-Counterclaim Rosario Klevisha commenced

this civil action in the Middlesex Superior Court in Massachusetts for predatory lending and

wrongful foreclosure on the property located at 52 Kings Field Road, Dracut, MA ("the Property").

(#2-3.)  Defendant/Plaintiff-in-Counterclaim Provident Funding Associates L.P. removed the case

to the federal court on March 3, 2015 (#2), and, seventeen days later, filed an answer to the

---

[1]
        On June 16, 2015, with the parties' consent, this case was reassigned to the undersigned for all
purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (##23, 24.)

complaint and a counterclaim. (#6.)  The counterclaim incorporates six claims: Count I - Breach of

Contract; Count II - Unjust Enrichment; Count III - Foreclosure; Count IV - Deficiency; Count V -

Possession; Count VI - Writ of Assistance. (#6.)  The docket does not reflect that Klevisha ever filed

an answer to the counterclaim.

On November 9, 2015, Provident Funding conducted a non-judicial foreclosure by entry and

sale of the Property. (#59 ¶ 53.)  Federal Home Mortgage Corporation ("Freddie Mac") purchased

the Property at the foreclosure sale for three hundred twenty-three thousand two hundred ninety-

three dollars and thirty-six cents ($323,293.36). (#59 ¶ 54.)  By Order entered on February 16, 2016,

Freddie Mac, now the owner of the Property, was added to this case as a Plaintiff-in-Counterclaim.

(#64.)  Provident Funding and Freddie Mac are moving for the entry of judgment as a matter of law

on the counterclaim. (#57.)  Plaintiffs-in-Counterclaim have fully briefed the issues (##58-60);

Klevisha has filed nothing.

## II. The Facts.

The undisputed facts[2] are as follows.  On December 29, 2006, Klevisha executed a

promissory note ("Klevisha Note") in favor of Quicken Loans Inc. in the amount of two hundred

eighty-three thousand two hundred dollars ($283,200.00). (Statement of Undisputed Facts #59 ¶ 1;

Affidavit of Provident Funding Associates, L.P. #13 ¶ 5 and Exh. A.)  In order to secure the loan

obligation, Klevisha gave a mortgage ("Klevisha Mortgage") to Mortgage Electronic Registration

Systems, Inc. ("MERS") as nominee for Quicken Loans Inc. dated December 29, 2006 and recorded

in the Middlesex County (Northern District) Registry of Deeds in Book 2091, Page 108 on January

24, 2007. (#59 ¶ 2; #13 ¶ 6 and Exh. B.)  On April 15, 2010, the Klevisha Mortgage was assigned

---

[2]

In large measure these facts are taken verbatim from the Statement of Undisputed Material Facts
(#59), albeit without quotation marks.

from MERS to Provident Funding, and eleven days later the Assignment of Mortgage ("Provident Funding Assignment") was recorded in the Middlesex County (Northern District) Registry of Deeds in Book 23900, Page 211. (#59 ¶ 3; #13 ¶ 7 and Exh. C.)  The Klevisha Note was endorsed without recourse by Quicken Loans Inc. to Provident Funding; Provident Funding endorsed the note in blank. (#13, Exh. A.)  Freddie Mac acquired the Klevisha Note on January 31, 2007 and is the true and lawful holder/owner of the Klevisha Note. (#67 ¶¶ 6-7.)

Provident Funding entered into a Loan Modification agreement with Klevisha in January 2011. (#59 ¶ 4; #13 ¶ 8 and Exh. D.)  Klevisha defaulted under the terms of the Klevisha Note and the Klevisha Mortgage, and the September 1, 2013 payment and all subsequent payments were due. (#59 ¶ 5; #13 ¶ 9 and Exh. E.)  Consequent to her default, on December 31, 2013 Provident Funding sent Klevisha a 150-day Notice of Right to Cure pursuant to Mass. Gen. L. c. 24, § 35A and a Notice of Right to Pursue a Modification pursuant to Mass. Gen. L. c. 244, § 35B. (#59 ¶ 6; #13 ¶ 10 and Exh. E.)

In March of 2014 Klevisha submitted a Borrower Response Package requesting to modify her mortgage loan. (#59 ¶ 7; #13 ¶ 11.)  The Borrower Response Package was reviewed by Provident Funding, and by letter dated March 4, 2014, Klevisha was advised that her request for a modification was denied due to insufficient income. (#59 ¶ 8; #13 ¶ 12 and Exh. F.)  Klevisha filed a second loan modification package in March 2014. (#59 ¶ 9; #13 ¶ 13.)  By letter dated April 22, 2014, Provident Funding informed Klevisha that her request for forbearance was denied due to an incomplete package. (#59 ¶ 10; #13 ¶ 14 and Exh. G.)  When Klevisha failed to cure her default by June 2, 2014, the expiration date of the Notice of Right to Cure, Provident Funding referred the loan to counsel for foreclosure. (#59 ¶ 11; #13 ¶ 15.)

On July 15, 2014, Provident Funding filed a complaint in the Massachusetts Land Court pursuant to the Servicemembers Civil Relief Act. (#59 ¶ 12; Affidavit of Brian C. Linehan, Esq. #14 ¶ 2 and Exh. 1.)  On July 31, 2014, the Order of Notice was published in the Lowell Sun newspaper pursuant to the Servicemembers Civil Relief Act. (#59 ¶ 13; #14 ¶ 4 and Exh. 2.)  That same day, the Order of Notice was served on Klevisha at the Property pursuant to the Servicemembers Civil Relief Act. (#59 ¶ 14; #14 ¶ 5 and Exh. 2.)  On August 6, 2014, the Order of Notice was recorded in the Middlesex County (Northern District) Registry of Deeds in Book 28375, Page 181, pursuant to the Servicemembers Civil Relief Act. (#59 ¶ 15; #14 ¶ 6 and Exh. 2.)  On August 26, 2014, an Affidavit Regarding Note Secured By A Mortgage To Be Foreclosed (Pre-Foreclosure Sale) was recorded in the Middlesex County (Northern District) Registry of Deeds in Book 28425, Page 136. (#59 ¶ 16; #13 ¶ 16 and Exh. H.)  On September 3, 2014, the Land Court entered a judgment confirming that none of the named defendants were entitled to the benefits of the Servicemembers Civil Relief Act as of that date. (#59 ¶ 17; #14 ¶ 7 and Exh. 3.)

On August 29, 2014, Klevisha submitted a new, second Borrower Response Package seeking to modify her mortgage loan. (#59 ¶ 18; #13 ¶ 17 and Exh. I.)  By letter dated September 2, 2014, Provident Funding acknowledged receipt of the Borrower Response Package, but advised Klevisha that the package was incomplete and that she had to provide certain specific missing documents in order to complete the package. (#59 ¶ 19; #13 ¶ 17 and Exh. I.)  On September 23, 2014, September 30, 2014 and October 7, 2014, Provident Funding caused to be published in the Lowell Sun newspaper a Notice Of Mortgagee's Sale of Real Estate ("First Notice of Sale") advertising the public auction of the Property scheduled for October 23, 2014. (#59 ¶ 20; #14 ¶ 8 and Exh. 4.)  Pursuant to Mass. Gen. L. c. 244, §§ 14 and 17B, on September 24, 2014, a Notice of Intent to

Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage was sent to Klevisha. (#59 ¶ 21; #14 ¶ 9 and Exh. 5.)  On October 2, 2014, Klevisha submitted the documents necessary to complete her second Borrower Response Package. (#59 ¶ 22; #13 ¶ 19.)   After reviewing Klevisha's completed second Borrower Response Package, by letter dated October 8, 2014, Provident Funding denied her request for a loan modification due to insufficient income. (#59 ¶ 23; #13 ¶ 20 and Exh. J.)

Klevisha submitted a third Borrower Response Package requesting to modify her mortgage loan on October 22, 2014. (#59 ¶ 24; #13 ¶ 21.)  That same day Provident Funding sent Klevisha a letter denying her request for a modification due to insufficient income. (#59 ¶ 25; #13 ¶ 22 and Exh. K.)  On October 23, 2014, Provident Funding conducted a foreclosure sale of the Property. (#59 ¶ 26; #13 ¶ 23.)  The October 23rd foreclosure sale was thereafter rescinded because a junior lienholder of record on the Property had not been sent notice of the foreclosure sale date. (#59 ¶ 27; #14 ¶ 10.)

On December 30, 2014, January 6, 2015 and January 13, 2015, a Notice of Mortgagee's Sale of Real Estate ("Second Notice of Sale") was published in the Lowell Sun newspaper advertising a foreclosure sale of the Property scheduled for January 28, 2015. (#59 ¶ 28; #14 ¶ 11 and Exh. 6.) Pursuant to Mass. Gen. L. c. 244, §§ 14 and 17B, on January 2, 2015 Provident Funding mailed Klevisha a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage on or after January 28, 2015. (#59 ¶ 29; #14 ¶ 12 and Exh. 7.)  On January 21, 2015, Klevisha's attorney sent Provident Funding a demand letter pursuant to Mass. Gen. L. c. 93A. (#59 ¶ 30; #13 ¶ 24 and Exh. L.)  In order to allow time to respond to the chapter 93A letter, the foreclosure sale scheduled for January 28, 2015 was postponed by public proclamation to March 2,

2015. (#59 ¶ 31; #14 ¶ 13.)  On February 20, 2015, Provident Funding responded to Klevisha's

demand letter. (#59 ¶ 32; #14 ¶ 14 and Exh. 8.)

On February 27, 2015, Klevisha instituted the instant litigation. (#2-3.)  Because this case

was filed, the March 2, 2015 foreclosure sale was postponed by public proclamation to April 2,

2015. (#59 ¶ 34; #14 ¶ 15.)  On April 1, 2015, Klevisha filed a motion for preliminary injunction

to stop the April 2, 2015 foreclosure sale.[3]  (#59 ¶ 36; #7.)  Due to the filing of the preliminary

injunction motion, the April 2, 2015 foreclosure sale was postponed by public proclamation to May

6, 2015. (#59 ¶ 37; #14 ¶ 16.)  The May 6, 2015 foreclosure sale was ultimately cancelled due to this

pending litigation.

The motion for a preliminary injunction was allowed on June 24, 2016 (#36) primarily on

the ground that the state of the law in Massachusetts was unclear as to whether Mass. Gen. L. c. 183,

§ 21 required strict compliance with the contractual terms of the mortgage. (#37.)  Approximately

a month and a half later, Provident Funding moved to dissolve the preliminary injunction (#38) in

light of the intervening Massachusetts Supreme Judicial Court's decision in *Pinti v. Emigrant*

*Mortgage Company, Inc.*, 472 Mass. 226 (2015), which resolved the legal uncertainty.  In *Pinti*,

although the SJC concluded that "strict compliance with the notice of default provisions in

paragraph 22 of the mortgage was required as a condition of a valid foreclosure sale," that decision

was to be given "prospective effect only." *Id.* at 227, 243.  With Massachusetts law now clear,

Klevisha could not demonstrate a likelihood of success on the merits in proving that, at the time the

notice of default required by paragraph 22 of her mortgage was sent, strict compliance with the

---

3

On May 13, 2015, Klevisha's attorney moved to withdraw from the case. (#16.)  That motion was
allowed in due course. (#40.)

notice provision of the mortgage was required.  As such, the motion to dissolve the preliminary injunction was allowed. (#44.)

On October 27, 2015, after Klevisha failed to appear at several hearings and failed to respond to an Order to Show Cause, the complaint was dismissed. (#51.)

When the preliminary injunction was dissolved, a foreclosure sale of the Property was scheduled for November 9, 2015. (#59 ¶ 46; #60 ¶ 6.)  A Notice of Mortgagee's Sale of Real Estate was published in the Lowell Sun newspaper on October 12, 2015, October 19, 2015 and October 26, 2015. (#59 ¶ 50; #60 ¶ 7 and Exh. A.)  Pursuant to Mass. Gen. L. c. 244, § 14, on October 14, 2015, Klevisha was sent a Notice of Intent to Foreclose Mortgage as well as a copy of the Notice of Mortgagee's Sale of Real Estate. (#59 ¶ 51; #60 ¶ 8 and Exh. B.)  On November 9, 2015, Provident Funding conducted a non-judicial foreclosure sale by entry and sale of the Property. (#59 ¶ 53; #60 ¶ 9 and Exh. C and D.)

Freddie Mac purchased the Property at the foreclosure sale for three hundred twenty-three thousand two hundred ninety-three dollars and thirty-six cents ($323,293.36). (#59 ¶ 54; #60 ¶ 10 and Exh. C.)  The foreclosure deed conveying title to the Property to Freddie Mac was recorded at the Middlesex County (Northern District) Registry of Deeds in Book 29628, Page 238 on December 2, 2015. (#59 ¶ 55; #60 ¶ 11 and Exh. C.)  A Post Sale Affidavit Regarding Note ("Eaton Affidavit") dated November 17, 2015, was also recorded in the Middlesex County (Northern District) Registry of Deeds in Book 29628, Page 243 on December 2, 2015. (#59 ¶ 56; #60 ¶ 12 and Exh. E.)

The total debt owed under the terms of the Klevisha Note, owned by Freddie Mac, and Klevisha Mortgage at the time of the foreclosure sale was three hundred twenty-nine thousand seven hundred ninety dollars and ninety-two cents ($329,790.92), plus attorney fees and costs associated

with this litigation. (#59 ¶ 57; #60 ¶ 13.)   The foreclosure sale of the Property resulted in a

deficiency under the terms of the Klevisha Note and Klevisha Mortgage in the amount of six

thousand four hundred ninety-seven dollars and fifty-six cents ($6,497.56). (#59 ¶ 58; #60 ¶ 14.)

III. Summary Judgment Standard.

The purpose of summary judgment is "to pierce the boilerplate of the pleadings and assay

the parties' proof in order to determine whether trial is actually required." *Tobin v. Federal Express

Corp.*, 775 F.3d 448, 450 (1st Cir. 2014) (internal quotations marks and citation omitted).   The

applicable rule mandates that "a court shall grant summary judgment if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(a).  Summary judgment would be inappropriate "if the record is sufficiently

open-ended to permit a rational fact finder to resolve a material factual dispute in favor of either

side." *Pierce v. Cotuit Fire District*, 741 F.3d 295, 301 (1st Cir. 2014).

The moving party bears the initial burden of asserting the absence of a genuine issue of

material fact and "support[ing] that assertion by affidavits, admissions, or other materials of

evidentiary quality." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003) (citations

omitted).  A genuine issue of fact exists where a fact finder could find in favor of the non-moving

party, "while material facts are those whose existence or nonexistence has the potential to change

the outcome of the suit." *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014)

(internal quotations marks and citation omitted).   "Once the moving party avers the absence of

genuine issues of material fact, the non-movant must show that a factual dispute does exist, but

summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations,

or rank speculation." *Fontánez-Núñez v. Janssen Ortho LLC*, 447 F.3d 50, 54-55 (1st Cir. 2006) (internal quotation marks and citation omitted).

In determining whether summary judgment is proper, evidence is considered "in the light most favorable to the non-moving party" and "all reasonable inferences" are drawn in his favor. *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (further internal quotation marks omitted)).

IV. Discussion.

A. Count I - Breach of Contract / Count IV - Deficiency

Since jurisdiction in this case is based on diversity, Massachusetts law is applicable in the breach of contract claim. *See Umsted v. Umsted*, 446 F.3d 17, 20 (1st Cir. 2006).  As explained by the First Circuit, "[i]n order to state a viable breach of contract claim under Massachusetts law, plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (citation omitted); *Alicea v. Machete Music*, 744 F.3d 773, 783 (1st Cir. 2014).  Here, it is undisputed that Klevisha entered into a contract, i.e., the Klevisha Mortgage securing the Klevisha Note.  Plaintiff breached the contract by defaulting in

making payments pursuant to the terms of the Klevisha Mortgage.  Freddie Mac, as the holder and

owner of the Klevisha Note, was damaged in the amount representing the difference between what

Klevisha owed on the Klevisha Mortgage and Klevisha Note and the price paid for the Property at

foreclosure, to wit, six thousand four hundred ninety-seven dollars and fifty-six cents ($6,497.56).

The elements of a breach of contract claim have been established.

With that having been said, it is not clear that Freddie Mac can succeed merely because it

has satisfied the elements of a breach of contract claim in the circumstances at hand.  The notice

mandated by Mass. Gen. L. c. 244, § 17B "has been described as 'a condition precedent' to a

deficiency action, having the practical effect . . .  of treating a foreclosure sale as a complete

discharge of the mortgage debt, thwarting a postforeclosure deficiency judgment, absent statutory

notice of intent to pursue a deficiency." *Framingham Sav. Bank v. Turk*, 40 Mass. App. Ct. 384,

386 (1996) (internal citation omitted); *Sovereign Bank v. Sturgis*, 863 F. Supp. 2d 75, 81 (D. Mass.

2012).  In other words, Freddie Mac cannot prevail simply by establishing the elements of a breach

of contract; such a claim would have been discharged by the foreclosure sale. Here, however, since

the requirements of Mass. Gen. L. c. 244, §§ 14 and 17B have been met, so, too, have the elements

of a claim for a deficiency judgment.

Section 14 of chapter 244 provides, in pertinent part:

> The mortgagee or person having estate in the land mortgaged, or a person authorized
> by the power of sale, or the attorney duly authorized by a writing under seal . . . or
> person acting in the name of such mortgagee or person, may, upon breach of
> condition and without action, perform all acts authorized or required by the power
> of sale; provided, however, that no sale under such power shall be effectual to
> foreclose a mortgage, unless, previous to such sale, notice of the sale has been
> published once in each of 3 successive weeks, the first publication of which shall be
> not less than 21 days before the day of sale, in a newspaper published in the city or
> town where the land lies or in a newspaper with general circulation in the city or
> town where the land lies and notice of the sale has been sent by registered mail to the

owner or owners of record of the equity of redemption as of 30 days prior to the date of sale, said notice to be mailed by registered mail at least 14 days prior to the date of sale . . .  in the case of unregistered land, to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage . . . .

Mass. Gen. L. c. 244, § 14.  A Notice of Mortgagee's Sale of Real Estate was published in the Lowell Sun newspaper on October 12, 2015, October 19, 2015 and October 26, 2015. (#59 ¶ 50; #60 ¶ 7 and Exh. A.)  On October 14, 2015, Klevisha was sent a Notice of Intent to Foreclose Mortgage as well as a copy of the Notice of Mortgagee's Sale of Real Estate. (#59 ¶ 51; #60 ¶ 8 and Exh. B.) Further, an affidavit of counsel attesting to the mailing of the Notices of Intent to Foreclose Mortgage and Pursue Deficiency After Foreclosure of Mortgage was executed in compliance with the requirements of  Mass. Gen. L. c. 244, § 17B.[4]  Having established that the appropriate steps were taken and notices given, Freddie Mac is entitled to prevail on its claim for a deficiency judgment.  The foreclosure sale of the Property resulted in a deficiency under the terms of the Klevisha Note and Klevisha Mortgage in the amount of six thousand four hundred ninety-seven dollars and fifty-six cents ($6,497.56), and Freddie Mac is entitled to the entry of judgment in that amount.

---

[4]

In relevant part, the statute provides:

No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed, postage prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency . . . not less than twenty-one days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. A notice mailed as aforesaid shall be a sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence in such action of the mailing of such notice.

Mass. Gen. L. c. 244, § 17B.

B. Count II - Unjust Enrichment

A claim for unjust enrichment is quasi-contractual in nature. *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir.), *decision clarified on denial of reh'g*, 559 F.3d 1 (1st Cir. 2009) ("In Massachusetts, a claim for unjust enrichment does not require consideration, but there must be unjust enrichment of one party and unjust detriment to another . . . . Massachusetts courts emphasize the primacy of equitable concerns in a finding of unjust enrichment or quasi-contract: [C]onsiderations of equity and morality play a large part in constructing a quasi contract." (internal quotation marks and citations omitted)).  The First Circuit has held that:

> A claim of unjust enrichment is appropriate 'where an agreement is too indefinite to be enforced ... [or] where no contract is made because each of the parties had a materially different understanding of the terms.' 1-1 *Corbin on Contracts*, § 1.20(b) (2004). Unjust enrichment provides an equitable stopgap for occasional inadequacies in contractual remedies at law by mandating that '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.' *Fox v. F & J Gattozzi Corp.*, 41 Mass. App. Ct. 581, 672 N.E.2d 547, 552 (1996) (quoting *Restatement of Restitution* § 1 (1937)).

*Massachusetts Eye & Ear Infirmary*, 412 F.3d at 233-34.  Because Freddie Mac has an action at law and, in fact, has been successful in proving its deficiency claim, the unjust enrichment claim need not be addressed.

C. Count III - Foreclosure

The foreclosure on the Property took place on November 9, 2015.  At this juncture, the claim for foreclosure is moot.

D. Count V - Possession

Massachusetts General Laws chapter 239, § 1 provides, in relevant part, that ". . . if a mortgage of land has been foreclosed by a sale under a power therein contained or otherwise, . . . the person entitled to the land or tenements may recover possession thereof under this chapter."  As explained by the Massachusetts Supreme Judicial Court, "[s]ummary process is a statutory cause of action that enables a person to recover possession of land that is acquired through a mortgage foreclosure sale." *U.S. Bank Nat. Ass'n v. Schumacher*, 467 Mass. 421, 428 (2014) (citations omitted).  "The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld.  Right to possession must be shown . . . Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage." *Wayne Inv. Corp. v. Abbott*, 350 Mass. 775, 775 (1966) (citations omitted).  "In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." *Bank of New York v. Bailey*, 460 Mass. 327, 334  (2011); *Fed. Nat. Mortgage Ass'n v. Hendricks*, 463 Mass. 635, 637 (2012) ("[A] plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G.L. c. 244, § 15.").

The undisputed facts show that Provident Funding has demonstrated its strict adherence to Massachusetts foreclosure statutes.  The burden in establishing a prima facie case has been satisfied by the production of certified copies of the foreclosure deed conveying title to the Property to Freddie Mac recorded at the Middlesex County (Northern District) Registry of Deeds in Book 29628, Page 238 (#59 ¶ 55; #60 ¶ 11 and Exh. C) and a Post Sale Affidavit Regarding Note ("Eaton

Affidavit") dated November 17, 2015 recorded in the Middlesex County (Northern District) Registry

of Deeds in Book 29628, Page 243. (#59 ¶ 56; #60 ¶ 12 and Exh. E.)  *See*, e.g., *Koufos v. U.S. Bank,*

*N.A*, No. 12-10743-DJC, 2015 WL 5257124, at *5 (D. Mass. Sept. 8, 2015); *Maldonado v. AMS*

*Servicing LLC*, No. 11-40044-TSH, 2012 WL 3779164, at *2 (D. Mass. Aug. 30, 2012).  Freddie

Mac is entitled to possession of the Property.

E. Count VI - Writ of Assistance

    Under Massachusetts law, "if the court finds that the plaintiff is entitled to possession, he

shall have judgment and execution for possession and costs . . .". Mass. Gen. L. c. 239, § 3.  Having

found that, as the owner of record, Freddie Mac is entitled to possession of the Property, it follows

that Freddie Mac has the right to an execution to enforce the judgment.  The Court is empowered

to issue a Writ of Assistance, and Freddie Mac's claim for the same is granted.  *See* 28 U.S.C. §

1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law."); *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has

repeatedly recognized the power of a federal court to issue such commands under the All Writs Act

as may be necessary or appropriate to effectuate and prevent the frustration of orders it has

previously issued in its exercise of jurisdiction otherwise obtained.").

V. <u>Conclusion and Order.</u>

    For the reasons stated, it is ORDERED that Defendant's (sic) Motion For Summary

Judgment (#57) be, and the same hereby is, ALLOWED in part and DENIED in part.  Counts I, II

and III of the counterclaim shall be dismissed as moot.  Judgment shall enter for Freddie Mac on

Counts VI, V and VI of the counterclaim.

March 9, 2016                                     /s/ M. Page Kelley
                                                 M. Page Kelley
                                                 United States Magistrate Judge